## HARRIS, Respondent, *vs.* HUGHES, Appellant.

1. A Circuit Court has no right to dismiss an appeal from a justice, on account of the smallness of the amount in controversy.

### *Appeal from Washington Circuit Court.*

*Thomas C. Johnson,* for appellant. The Circuit Court had no right to dismiss the appeal from the justice, on account of the smallness of the amount sued for.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff, Harris, sued Hughes before a justice of the peace, for a hog of the value of $6 80. Upon the trial before the justice, the plaintiff recovered against the defendant the above amount. The defendant thereupon appealed to the Circuit Court. The appeal was taken in accordance with the statute, and regularly called for trial. When the plaintiff, in the Circuit Court, stated his case in his opening before the the jury, the court, of its own mere motion, dismissed the appeal — giving for reason, that the amount was too small to

engage the attention of the court or to take up its time, and rendered judgment against the appellant and his security for costs. The appellant objected to the ruling of the court, tendered his bill of exceptions, and brings the case here by appeal.

1. Was the court below authorized, under the law, in giving the judgment? We think not. The first section of article 8 of the act concerning Justices' Courts, R. C. of 1845, page 667, declares that, "any person aggrieved by *any judgment* rendered by a justice of the peace, except a judgment by confession, may, in person or by his agent, make his appeal therefrom to the Circuit Court of the same county where the judgment was rendered."

There is no minimum prescribed by our statute, under which a judgment before a justice of the peace cannot be taken by appeal to the Circuit Court—no restraint upon the right of appeal by reason of the *amount* of the judgment, in case the justice had jurisdiction. No matter, therefore, how much the courts of the state may disapprobate litigation for small and trifling sums, nor how earnestly they may desire to repress a litigious spirit among our citizens, still the law must be looked to, as affording the only means to put in practice such views. There is nothing in our laws prohibiting the appeal in this case. The court below erred in dismissing the appeal, and giving judgment for costs against the appellant and his security. His judgment, therefore, with the concurrence of the other judges, is reversed, and the cause remanded for further proceedings.